UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TYREE A. POPE,

  Plaintiff,

v.                Case No. 12-CV-331

RACINE CORRECTIONAL INSTITUTION,

  Defendant,

## ORDER

  Plaintiff, who is confined at the Prairie du Chien Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983, regarding an incident that occurred while he was confined at the Racine Correctional Institution. Before me is plaintiff's petition to proceed in forma pauperis.

  Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is required to pay the statutory filing fee of $350 for this action. If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

  In this case, plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. Plaintiff has been assessed an initial partial filing fee of $17 and he has paid that fee. Thus, plaintiff's

motion for leave to proceed in forma pauperis will be granted. The $333 remainder of the filing fee will be collected as set forth below.

The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). In order "[t]o state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law." Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The complaint "does not need detailed factual allegations," but it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007);

2

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Accordingly, in reviewing a complaint, courts reject those allegations that are mere conclusions, and determine whether the facts alleged "plausibly give rise to an entitlement to relief" by "permit[ting] the court to infer more than the mere possibility of misconduct." Iqbal, 556 U.S. at 679.

Plaintiff alleges that on December 2, 2009, a nurse at Racine Correctional Institution perforated his left eardrum, and as a result his ear bled continually for six days until he was transported to the hospital on December 8, 2009. When plaintiff arrived at the hospital, he was told that an infection had set in because he was not treated right away. Plaintiff was hospitalized until December 13, 2009, and went back for a checkup on December 28, 2009. At that checkup, plaintiff was told that he still had an infection, and that there was a possibility of permanent hearing impairment because of the damage done to his eardrum. As relief, plaintiff seeks compensatory, monetary, and punitive damages.

The Racine Correctional Institution is not a proper defendant. See Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993) ("Cook County Jail is not a 'person' – it is not a legal entity to begin with."), and Smith v. Gomez, 550 F.3d 613, 618 (7th Cir. 2008) ("the State of Wisconsin is also not a proper defendant for a § 1983 action"). However, the plaintiff will be given an opportunity to file an amended complaint against proper defendants. See Smith v. Knox County Jail, 666 F.3d 1037, 1040 (7th Cir. 2012) ("[I]n listing the Knox County Jail as the sole defendant, Smith named a non-suable entity. But a pro se plaintiff who makes a pleading gaffe in a complaint deserves an opportunity to offer a curative amendment before the complaint is dismissed with prejudice.").

If plaintiff wants to proceed, he must file an amended complaint on or before October 29, 2012, that names proper defendants and briefly describes how each individual defendant's actions or inactions violated the plaintiff's federal rights. See Brooks v. Ross,

3

578 F.3d 574, 580-581 (7th Cir. 2009) (stating that a § 1983 complaint must "adequately connect specific defendants to illegal acts" and "provid[e] some specific facts to ground those legal claims").  If plaintiff names a defendant but fails to describe how that individual violated his rights, that defendant will be dismissed. Failure to file an amended complaint within this time period will result in dismissal of this action.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint."  The amended complaint will replace the prior complaint and must be complete in itself, without any reference to the original complaint.  See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056-57 (7th Cir. 1998).  If an amended complaint is received by the deadline, it will be screened pursuant to 28 U.S.C. § 1915A.

## CONCLUSION

**For the foregoing reasons,**

**IT IS ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Doc. 4) is **GRANTED.**

**IT IS FURTHER ORDERED** that defendant Racine Correctional Institution is **DISMISSED.**

**IT IS FURTHER ORDERED** that on or before **October 29, 2012**, plaintiff shall file an amended complaint that is complete in itself and names proper defendants as discussed herein.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prisoner trust account the $333 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust

4

account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**IT IS FURTHER ORDERED** that plaintiff shall submit all correspondence and legal material to:

> Honorable Lynn Adelman
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 27th day of September 2012.

          s/ Lynn Adelman
          _____
          LYNN ADELMAN
          District Judge