# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TYREE A. POPE,**

    **Plaintiff,**

    v.                                       Case No. 12-CV-331

**GARY HAMBLIN,**
**JAMES GREER,**
**WARDEN JOHN PAQUIN,**
**and NURSE TOMASZEWSKI,**

    **Defendants,**

## ORDER

Plaintiff, who is confined at the Thompson Correctional Center, filed a pro se complaint under 42 U.S.C. § 1983, regarding an incident that occurred while he was confined at the Racine Correctional Institution. I permitted plaintiff to proceed in forma pauperis, and allowed him to amend his complaint to name proper defendants.

Plaintiff alleges that on December 2, 2009, Nurse Tomaszewski at Racine Correctional Institution perforated his left eardrum. Plaintiff complained of pain and damages and bleeding for six days until he was transported to the hospital on December 8, 2009. When plaintiff arrived at the hospital, he was told that an infection had set in because he was not treated right away. Plaintiff was hospitalized until December 13, 2009, and went back for a checkup on December 28, 2009. At that checkup, plaintiff was told that he still had an infection, and that there was a great possibility of permanent damages. In addition to Nurse Tomaszewski, plaintiff names Wisconsin Department of Corrections Secretary Gary Hamblin, Director of Health Services James Greeer, and Racine Correctional Institution Warden John Pacquin as additional defendants. As relief, plaintiff seeks compensatory, monetary, and punitive damages.

Plaintiff may proceed on an Eighth Amendment claim that Nurse Tomaszewski was deliberately indifferent to his serious medical need by allowing his painful, bleeding perforated eardrum to remain untreated for six days while it became infected. However, Section 1983 does not allow actions against persons merely because of their supervisory roles. T.E. v. Grindle, 599 F.3d 583, 588 (7th Cir. 2010); Palmer v. Marion County, 327 F.3d 594 (7th Cir. 2003). Accordingly, because plaintiff does not allege any direct personal involvement by Secretary Hamblin, Director Greer, and Warden Pacquin, these defendants shall be dismissed.

## CONCLUSION

**For the foregoing reasons,**

**IT IS ORDERED** that defendants Hamblin, Greer, and Pacquin are dismissed.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendant.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendant shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

Dated at Milwaukee, Wisconsin, this 20th day of February, 2013.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge